{¶ 11} Hardie argues that the trial court had to impose the minimum sentence because it could only exceed that term if it impermissibly based its decision on factors that the jury did not address. But as the principle decision indicates, Ohio's sentencing statute differs significantly from the State of Washington scheme that the United States Supreme Court struck down in Blakely. The Ohio General Assembly adopted a range of sentences for different felony classifications, but within each felony designation it specified a fixed maximum term. An upward departure from the fixed maximums only occurs when an indictment contains a specification that the offense involved the use of a firearm, see R.C. 2929.14(D)(1), etc., the defendant is a repeat violent offender, see R.C. 2929.14(D)(2)(a) and R.C. 2941.149, or the defendant is a major drug offender, see R.C. 2929.14(D)(3)(a) and R.C. 2941.1410. Because the enhancement is included in the indictment, the state must prove its existence to the fact finder by proof beyond a reasonable doubt.
 {¶ 12} Under the Ohio scheme, R.C. 2929.14 sets a standard range of sentences for various degrees of felonies. A judge uses historical or traditional sentencing factors to determine where the specific offender falls within the standard range of prison terms. As the United States Supreme Court noted in Harris v.United States (2002), 536 U.S. 545, 122 S.Ct. 2406,153 L.Ed.2d 524, every fact a court uses to increase a defendant's punishment does not have to go to a jury for proof beyond a reasonable doubt. In reaffirming the court's earlier position in Jones v.United States (1999), 526 U.S. 227, 119 S.Ct. 1215,143 L.Ed.2d 311, Justice Scalia (who authored Blakely) noted:
 {¶ 13} "It is not, of course, that anyone today would claim that every fact with a bearing on sentencing must be found by a jury; we have resolved that general issue and have no intention of questioning its resolution. Judicial fact finding in the course of selecting a sentence within the authorized range does not implicate the * * * jury trial, and reasonable doubt components of the Fifth and Sixth Amendments."
 {¶ 14} Harris, 536 U.S. at 558 (citation omitted.)
 {¶ 15} Because the Ohio scheme allows judges to use "fact finding in the course of selecting a sentence within the authorized range", it does not violate the mandate of Blakely.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Opinion.
Harsha, J.: Concurs with Concurring Opinion.